# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **FAYETTA MCINTYRE**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:04CV00133 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **JO ANNE B. BARNHART,** | ) By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) Chief United States District Judge |
| **SECURITY**, | ) |
| | ) |
| Defendant. | ) |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

Fayetta McIntyre filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005) ("Act"). This court has jurisdiction pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the

Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

McIntyre applied for DIB on August 25, 1999, and was denied initially on December 9, 1999, and on reconsideration on March 10, 2000. McIntyre received a hearing before an Administrative Law Judge ("ALJ") who by decision dated October 26, 2000, denied the claim. The ALJ's decision became final upon approval of the Appeals Council on May 2, 2002, after which McIntyre filed suit in this court. On April 10, 2003, the court vacated the Commissioner's decision denying DIB and remanded the claim for further development, concluding that there was not substantial evidence to support the ALJ's conclusion regarding the date upon which McIntyre's mental impairment manifested. On August 4, 2003, the Appeals Council remanded the claim to the ALJ, who denied the claim on May 27, 2004. The Appeals Council denied review on October 15, 2004, and McIntyre filed the present suit.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

McIntyre was fifty-eight years old at the time of the ALJ's most recent decision. She has a high school education and past relevant work experience as a cashier and receptionist. McIntyre claims disability due to a heart condition, colitis, pain in her stomach, diarrhea, headaches, chest pain, shortness of breath, and panic attacks.

In rendering his decision, the ALJ reviewed medical records relating to the plaintiff's treatment by a number of physicians. Because the magistrate judge's remand opinion offered a detailed summary of the plaintiff's medical record, and because the ALJ adequately summarized the subsequent medical record (R. at 335-42), I will not detail the relevant medical evidence here.

Based upon the evidence, the ALJ found that the record failed to support a finding of a physical or mental impairment beginning on or before September 30, 1999, McIntyre's date last insured. Further, the ALJ found that McIntyre had the residual functional capacity for safety-sensitive light work, and that she was able to return to her past relevant work as a cashier or receptionist or to work in a number of other jobs existing in significant numbers in the national economy.

*III. Analysis.*

McIntyre asserts that the ALJ's opinion is not supported by substantial evidence. In particular, she argues that there is substantial evidence in the record to support a finding that the plaintiff manifested a mental impairment on or before September 30, 1999.[1] I disagree.

First, I find substantial evidence in the record to support the ALJ's decision not to afford controlling weight to the opinion of Dr. Ralph Ramsden. Though the issue in the present appeal deals with the onset date of the plaintiff's alleged mental impairment, Dr. Ramsden began seeing the plaintiff after the alleged onset date. As the ALJ properly noted, any treatment notes related to the plaintiff's mental health prior to the initial consultation were based on the subjective reports and complaints offered by the plaintiff, rather than on objective medical or clinical testing or on her treatment history. (R. at 341.) Thus, there was substantial evidence to support the ALJ's decision to limit the weight afforded Dr. Ramsden's opinion.

I also find that there was sufficient evidence to support the ALJ's decision to rely on the testimony of Dr. Schacht, the expert who testified at the hearing regarding the plaintiff's mental health history. I find further support for the ALJ's decision in

---

[1] The plaintiff does not challenge the ALJ's determination regarding to her physical impairments, and I will not review that finding.

the remainder of the record, which indicated that the plaintiff's alleged mental impairment had not resulted in her referral to a mental health agency, counseling, or hospitalization. While the ALJ found from the record that the plaintiff likely suffered from and was being treated for an anxiety problem, the record did not adequately support a determination that the impairment was sufficiently severe to warrant a finding of disability. However, the ALJ properly determined that, due to the plaintiff's prescribed anti-anxiety medications, she should be limited to light work in safety-sensitive jobs. I also find that the ALJ presented an appropriate hypothetical at the hearing to the VE, who found that a person subject to the plaintiff's limitations could work in a number of safety-sensitive light work jobs appearing in significant numbers in the national economy. Therefore, I find that the ALJ's decision to rely on the vocational expert's testimony is adequately supported by the record.

I find that the ALJ carefully reviewed all the records presented, and that substantial evidence in the record supports the ALJ's findings that the plaintiff's alleged mental impairment did not manifest on or before her date last insured, and that the plaintiff is capable of performing safety-sensitive light jobs existing in significant numbers in the national economy.

- 5 -

Case 1:04-cv-00133-JPJ-PMS   Document 13   Filed 03/22/06   Page 5 of 6   Pageid#: 67

the remainder of the record, which indicated that the plaintiff's alleged mental impairment had not resulted in her referral to a mental health agency, counseling, or hospitalization. While the ALJ found from the record that the plaintiff likely suffered from and was being treated for an anxiety problem, the record did not adequately support a determination that the impairment was sufficiently severe to warrant a finding of disability. However, the ALJ properly determined that, due to the plaintiff's prescribed anti-anxiety medications, she should be limited to light work in safety-sensitive jobs. I also find that the ALJ presented an appropriate hypothetical at the hearing to the VE, who found that a person subject to the plaintiff's limitations could work in a number of safety-sensitive light work jobs appearing in significant numbers in the national economy. Therefore, I find that the ALJ's decision to rely on the vocational expert's testimony is adequately supported by the record.

I find that the ALJ carefully reviewed all the records presented, and that substantial evidence in the record supports the ALJ's findings that the plaintiff's alleged mental impairment did not manifest on or before her date last insured, and that the plaintiff is capable of performing safety-sensitive light jobs existing in significant numbers in the national economy.

*IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: March 22, 2006

/s/ JAMES P. JONES
Chief United States District Judge